JOSHUA B. SWIGART
*Josh@SwigartLawGroup.com*
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
Tel.: +1 866 219 3343

CLARK OVRUCHESKY
*co@colawcalifornia.com*
**C.O. LAW, APC**
2404 Broadway, Ste 150
San Diego, CA 92102
Tel.: +1 619 356 8960

DANIEL G. SHAY
*DanielShay@TCPAFDCPA.com*
**LAW OFFICE OF DANIEL G. SHAY**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
Tel.: +1 619 222 7429

Attorneys for Plaintiff
SOMNATH SARKAR

LAURA G. BRYS
*LBrys@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 South Figueroa Street, 41st
Floor
Los Angeles, California 90017
Tel.: +1 213 426 2500

Attorney for Defendant
BANK OF AMERICA, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

SOMNATH SARKAR,

      Plaintiff,

    v.

BANK OF AMERICA, N.A.,

      Defendant.

Case No. 5:24-cv-02689-SSS-DTB

**STIPULATED PROTECTIVE ORDER**

Plaintiff Somnath Sarkar (the "Plaintiff") and Bank of America, N.A. ("Defendant," and together with Plaintiff, the "Parties"), by and through their respective counsel, hereby submit the following Stipulated Protective Order in the above-captioned litigation, as set forth below:

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Paragraph 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

## 2. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer information, and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, account notes, servicing records, and documents encompassing confidential personal, business, tax, or financial information, information regarding confidential business practices, or other confidential research, development, nonpublic personal information within the meaning of the Gramm-Leach-Bliley Act (15 U.S.C. § 6801)

or similar applicable state or local consumer privacy protective laws, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information that the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 3.  DEFINITIONS

3.1.    "Action" shall mean the above-captioned civil action.

3.2.    "Challenging Party" shall mean a Party or Non-Party (defined below) that challenges the designation of information or items under this Order.

3.3.    "Confidential Information" shall mean information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4.    "Counsel" shall mean Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.5.    "Designating Party" shall mean a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "PLAINTIFF'S CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.6. "Disclosure or Discovery Material" shall mean all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

3.7. "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

3.8. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall mean non-public, extremely sensitive "Confidential Information or Items" that are highly proprietary or highly sensitive, disclosure of which to another Party or Non-Party would create a substantial risk of significant competitive or commercial disadvantage, or a substantial risk of harm resulting from misuse of the disclosed information (including but not limited to use for fraudulent, criminal, or otherwise unlawful purposes), that could not be avoided by less restrictive means, including but not limited to highly sensitive competitive, financial, or personal information.

3.9. "In-House Counsel" shall mean attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.10. "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.11. "Outside Counsel of Record" shall mean attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

3.12. "Party" shall mean any party to this Action, including all of its officers,

directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

3.13.  "PLAINTIFF'S CONFIDENTIAL" shall mean non-public, extremely sensitive "Confidential Information or Items," disclosure of which could result in significant harm (financial or otherwise) or embarrassment to the Plaintiff for which that document contains sensitive information.  This designation shall function identically to the "CONFIDENTIAL" designation, except that the Plaintiff to which the document belongs can view that document.

3.14.  "Producing Party" shall mean a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.15.  "Professional Vendors" shall mean persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.16.  "Protected Material" shall mean any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "PLAINTIFF'S CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.17.  "Receiving Party" shall mean a Party that receives Disclosure or Discovery Material from a Producing Party.

**4. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**5. DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 6. DESIGNATING PROTECTED MATERIAL

6.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

    a.  for information produced in documentary form, (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix, at a minimum, the legend "CONFIDENTIAL," "PLAINTIFF'S CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of material qualifies for protection, the Producing Party also must clearly identify the portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL," "PLAINTIFF'S CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix "CONFIDENTIAL," "PLAINTIFF'S CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b. For testimony given in depositions, the Designating Party must identify the Disclosure or Discovery Material on the record, before the close of the deposition or by affixing "CONFIDENTIAL," "PLAINTIFF'S CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the deposition transcript within fourteen (14) days from receipt of the transcript.

c. For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL," "PLAINTIFF'S CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as confidential does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely notice and correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**7. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1.    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2.    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1.

7.3.    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper

purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 8. ACCESS TO AND USE OF PROTECTED MATERIAL

8.1.    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, appealing, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Paragraph 14 (FINAL DISPOSITION), below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2.    Disclosure of "CONFIDENTIAL" Information or Items.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

  a.    The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

  b.    The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

  c.    Experts of the Receiving Party to whom disclosure is reasonably

necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound," annexed hereto as "Exhibit A";

d. The Court and its personnel;

e. Court reporters and their staff;

f. Professional jury or trial consultants, and mock jurors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound," annexed hereto as "Exhibit A";

g. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h. During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing Party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any Protected Material unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

i. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

8.3.    Disclosure of "PLAINTIFF'S CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item

designated "PLAINTIFF'S CONFIDENTIAL" only to:

    a.  The Receiving Party about whom the document contains information, e.g., a transaction history for a given Plaintiff can only be shown to that Plaintiff and none of the other Plaintiffs in the Action;

    b.  The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    c.  The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

    d.  Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound," annexed hereto as "Exhibit A";

    e.  The Court and its personnel;

    f.  Court reporters and their staff;

    g.  Professional jury or trial consultants, and mock jurors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound," annexed hereto as "Exhibit A";

    h.  The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    i.  During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing Party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any Protected Material unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the

Designating Party or ordered by the Court.   Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

j.  Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

8.4.   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

a.  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

b.  Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) who have followed the procedures set forth in Paragraph 8.5 below;

c.  the Court and its personnel;

d.  Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

e.  the author or recipient of a document containing the information or a

custodian or other person who otherwise possessed or knew the information; and

    f.   any special master, referee, mediator or arbitrator appointed by the Court or selected by the Parties to assist in the resolution of this action.

    8.5.   <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Certain Experts:</u>

    a.   Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, and (3) attaches a copy of the Expert's current curriculum vitae.

    b.   A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within ten (10) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based. (c) A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within five (5) days of receipt of the written objection. If no agreement is reached, the Designating Party seeking to prevent the disclosure to the Expert may file a motion pursuant to the Local Rules seeking an order from the Court to prevent disclosure. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert would be harmful, assess the risk of harm that the disclosure would entail, and suggest any

additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and content of the meet-and-confer discussions) and setting forth the reasons advanced by the Receiving Party for why disclosure to the Expert is reasonably necessary.  In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## 9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a Court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "PLAINTIFF'S CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

    a.  promptly (i.e., within no less than five (5) business days) notify, in writing, the Designating Party, in writing, and include a copy of the subpoena or Court order;

    b.  promptly (i.e., within no less than five (5) business days) notify, in writing, the person or entity that issued the subpoena or order in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, and include a copy of this Stipulated Protective Order; and

    c.  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or Court order shall not produce any information designated in this action as "CONFIDENTIAL," "PLAINTIFF'S CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the

Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that Court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

10.1. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "PLAINTIFF'S CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.2. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    a. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    b. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    c. make the information requested available for inspection by the Non-Party, if requested.

10.3. If the Non-Party fails to seek a protective order from this Court within thirty (30) days of receiving the notice and accompanying information, the

Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**11.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12.    INADVERTENT    PRODUCTION    OF    PRIVILEGED    OR OTHERWISE PROTECTED MATERIAL**

12.1.  When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the Court.

12.2.  Irrespective of the care taken concerning its production or disclosure, to the extent that any Party produces any documents and information, whether unintentional or otherwise, whether or not marked "CONFIDENTIAL," which contain non-public personal information of third-parties (NPPI) and/or documents and things protected by any privilege or immunity (including, but not limited to, the attorney-client privilege, the work product doctrine, the privilege of self-critical analysis, bank examination privilege, and under any bank secrecy laws or regulations), such production is not intended to be, and shall not be construed to be, a waiver of any such privilege or protection.  Upon notice or discovery of such materials subject to this paragraph, the Receiving Party will immediately refrain from reading or otherwise reviewing such materials and will not use, disclose or disseminate the materials in any way and the materials will be promptly returned to the Producing Party or destroyed (including all metadata associated therewith), and no copies shall be kept by the Receiving Party.

**13.  MISCELLANEOUS**

13.1.  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2.  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3.  <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**14. FINAL DISPOSITION**

After the final disposition of this Action as defined in Paragraph 5 (DURATION), within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 5 (DURATION).

**15.** Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: February 7, 2025

By: /s/ *Joshua B. Swigart*
Joshua B. Swigart
SWIGART LAW GROUP, APC
2221 Camino del Rio S., Suite 308
San Diego, CA 92108
(866) 219-3343
josh@swigartlawgroup.com

Clark Ovruchesky
C.O. LAW, APC
2404 Broadway, Ste 150
San Diego, CA 92102
(619) 356-8960
co@colawcalifornia.com

Daniel G. Shay
LAW OFFICE OF DANIEL G. SHAY
2221 Camino del Rio S., Suite 308
San Diego, CA 92108
(619) 222-7429
DanielShay@TCPAFDCPA.com

*Attorneys for Plaintiff Somnath Sarkar*

By: /s/  *Laura G. Brys*
Laura G. Brys
GOODWIN PROCTER LLP
601 South Figueroa Street, Suite 4100
Los Angeles, CA 90017
(213) 426-2500
lbrys@goodwinlaw.com

*Attorney for Defendant Bank of America, N.A.*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated:   February 11  , 2025

DAVID T. BRISTOW
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER
CASE NO. 5:24-cv-02689-SSS-DTB

19

# **EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of *Sarkar v. Bank of America, N.A.*, Case No. 5:24-cv-02689-

SSS-DTB. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject

to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action

or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1

## **ATTORNEY ATTESTATION**

Pursuant to Local Rule 5-4.3.4, I hereby attest that all other signatories listed and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Laura G. Brys*
LAURA G. BRYS